UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DALVIN BELTRAN

      Petitioner,       12-cv-1442 (NSR) (PED)

 -against-

                 MEMORANDUM
THE ATTORNEY GENERAL OF THE STATE  DECISION & ORDER
OF NEW YORK,

      Respondent.
-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

  Dalvin Beltran ("Petitioner"), an inmate at the Washington Correctional Facility proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Now pending before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Paul E. Davison, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied in its entirety. Petitioner has filed objections to the R&R with the Court. For the following reasons, the Court adopts the R&R, and the petition is denied and dismissed. The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's state collateral challenge to his conviction.

## I. STANDARDS OF REVIEW

### A. Habeas Petition Reviewing a State Court Decision

  When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2014

Court of the United States." 28 U.S.C. § 2254(d)(1); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Where the petitioner has not developed the "factual basis of a claim" in the state court proceeding, the federal court "shall not hold an evidentiary hearing" unless the petitioner shows: (1) either that his claim relies on a new rule of constitutional law made applicable retroactively or it relies on a "factual predicate" which could not have been discovered previously; and (2) the facts underlying his claim are enough to establish by clear and convincing evidence that no reasonable jury could have found him guilty of the offense but for the alleged constitutional violation. *Id.* § 2254(e)(2).

### B. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. *A judge of the court shall made a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made*. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b) (emphasis added); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, a district court "may adopt those portions of the Report to which no objections have been made and which

2

are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Courts "generally accord[] leniency" to objections of *pro se* litigants and construe them "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks and citations omitted). However, the *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992)).

## II. HABEAS PETITION AND MAGISTRATE'S FINDINGS

Petitioner asserts in his habeas petition that trial counsel, who represented Petitioner when he entered a guilty plea to manslaughter in the first degree, was ineffective. Petitioner argues that trial counsel did not pursue an intoxication defense, failed to properly investigate the defense, and failed at the plea allocution to introduce expert testimony concerning the effects of alcohol when consumed with certain psychotic drugs. Petitioner argues that this testimony would have negated the element of intent in the second-degree murder charge and the lesser included offense of first-degree manslaughter to which he pleaded guilty. Petitioner also argues

3

that trial counsel was ineffective by negotiating a plea bargain that required Petitioner to admit to intentional conduct where the evidence showed his act was reckless.

As an initial matter, Judge Davison concluded that the state courts' procedure-based rejections of Petitioner's ineffective assistance claim were not adequate to preclude federal habeas review on the merits. Thus, Judge Davison reviewed the merits *de novo*. Upon review, Judge Davison concluded that Petitioner did not demonstrate both (1) that trial counsel's performance "fell below an objective standard of reasonableness" and (2) a "reasonable probability" that but for counsel's error, "the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–89, 693–94 (1984). In applying the *Strickland* test, Judge Davison expressly declined to determine the reasonableness of trial counsel's conduct because Petitioner failed to show a reasonable probability that the result would have been different. *See id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one.").

### III. DISCUSSION OF OBJECTIONS

Upon reviewing Judge Davison's R&R, Petitioner asserts that Judge Davison erred in declining to find whether trial counsel's conduct fell below an objective standard of reasonableness and in finding that Petitioner failed to demonstrate the requisite prejudice purportedly caused by trial counsel's conduct. Petitioner agrees with the R&R that the state procedural bars were not adequate to preclude habeas review on the merits. The Court discusses each objection in turn.

## A. Failure of R&R to Determine Reasonableness of Trial Counsel's Conduct

### 1. No Evidentiary Hearing Required

Petitioner asserts that the failure to determine the reasonableness of trial counsel's conduct is error because under New York law trial counsel was required to present evidence of Petitioner's intoxication defense during the plea and sentencing phases of the underlying proceeding. Thus, he argues, a hearing is required to determine whether trial counsel consulted an expert and, if so, to discover why trial counsel failed to present the expert's testimony. However, Petitioner mistakenly relies on *People v. Shields*, 205 A.D.2d 833 (3d Dep't 1994), for the proposition that a hearing is required where evidence was not presented at a plea allocution or sentencing hearing. In *Shields*, involving an appeal of a state CPL 440.10 motion to vacate a conviction, a defendant who had pleaded guilty to robbery claimed that his counsel acted improperly by coercing a co-defendant into accepting a plea deal that required the co-defendant to implicate him. The Appellate Division held that a hearing was required on the CPL 440.10 motion to resolve matters not appearing in the record because the attorney's conduct assertedly affected the plea-bargaining process itself. *Shields* did not discuss the presentation of evidence supporting a defense at a plea allocution or sentencing hearing. Regardless, state law does not apply to federal habeas corpus review—where holding evidentiary hearings is not allowed unless Petitioner's claim is based on a new constitutional rule or the factual predicate of Petitioner's claim "could not have been previously discovered through the exercise of due diligence," 28 U.S.C. § 2254(e)(2)(A)(i)–(ii), and the alleged facts are enough to prove he would not have been convicted, *id.* § 2254(e)(2)(B). Here, no new retroactive rule requiring the presentation of evidence at plea allocutions exists, Petitioner previously discovered that no evidence was

5

presented at the plea allocution, and in any event the failure to present such evidence had no bearing on whether he would have been convicted because he had already decided to take the plea deal before the plea allocution was held.  Thus, Petitioner's first objection is rejected, as a hearing to determine facts underlying his petition is not warranted.

### 2. Intoxication Defense Was Pursued

Petitioner disputes Judge Davison's finding that the record demonstrates trial counsel pursued the intoxication defense.  Petitioner misinterprets the record, as trial counsel included the intoxication defense in his opening statement by asserting that evidence of intoxication would show Petitioner's crime was not an intentional homicide.  Moreover, Petitioner simply reiterates in the objections his initial argument that counsel did not pursue this defense.  Petitioner likewise reiterates his argument that trial counsel's decision not to interview an expert is insufficient to satisfy counsel's burden of acting reasonably, despite the fact that counsel questioned a civilian and a police officer concerning Petitioner's intoxicated state at the scene of the crime.  Because Petitioner's objections are reiterations of previous arguments, and because his asserted requirement of consulting an expert is merely conclusory, the Court reviews the R&R for clear error and finds none.  *Ortiz*, 558 F. Supp. 2d at 451.  Petitioner's objections to the R&R, insofar as it does not determine whether trial counsel's conduct was objectively reasonable, are likewise rejected because, as explained below, Petitioner does not demonstrate prejudice.  Thus, the Court need not determine the first component of the ineffective assistance inquiry.  *Strickland*, 466 U.S. at 697.

**B. R&R Determination that Petitioner Failed to Demonstrate Prejudice**

Petitioner objects to Judge Davison's finding that Petitioner failed to demonstrate the requisite prejudice. In the ineffective assistance of counsel context, Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Where a petitioner alleges that trial counsel failed to investigate exculpatory evidence,

> the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Id.* at 59.

Petitioner's first argument—that the state courts' procedural bars were prejudicial—is meritless, as trial counsel's purported errors did not cause the subsequent state procedural bars. *See Strickland*, 466 U.S. at 693–94. In any event, Petitioner agrees with Judge Davison's conclusion that those state procedural bars are not adequate to preclude federal habeas review on the merits.

Petitioner's second argument, that a properly asserted intoxication defense *could* have led to a plea bargain for reckless manslaughter, is simply reiterated from his petition. Judge Davison did not clearly err in finding that this argument is purely speculative, *Ortiz*, 558 F. Supp. 2d at 451, because no criminal defendant has a right to be offered a plea deal, *see Sinclair v. United States*, Nos. 12-CV-3344 (CS), 12-CR-392 (CS), 2013 WL 3716898, at *4 (S.D.N.Y. July 16, 2013) (quoting *Kovacs v. United States*, No. CV 12-2260 (LDW), 2013 WL 55823, at *3 (S.D.N.Y. Jan. 2, 2013)). The People's opposition to Petitioner's CPL 440.10 motion, wherein

7

the People acknowledged their willingness to reduce the charge to reckless manslaughter and later claimed to have misstated the level of manslaughter, does not affect the fact that he was not entitled to any plea deal.

Petitioner's remaining argument, that he actually insisted on going to trial, does not belie Judge Davison's finding that Petitioner did not demonstrate a reasonable probability there would be a different result had trial counsel not committed the purported errors. Petitioner chose to plead guilty after trial began. His new assertion—that the intoxication defense was doomed and his plea was compelled because he thought trial counsel did not have sufficient evidence of intoxication—does not change the fact that he pleaded guilty voluntarily, and instead supports the inference that he made a rational decision to plead guilty. The trial court's acknowledgement during the plea allocution that prosecutors faced a difficult challenge in proving Petitioner's intent to kill does not mean the task was impossible. At any rate, Petitioner merely reasserts that trial counsel's failure to present evidence during the plea allocution proves trial counsel had insufficient evidence of intoxication. However, this argument is without merit because, as previously discussed, no constitutional requirement compels the presentation of evidence at a plea allocution. Finally, as Petitioner only argues in the petition that he *might* have exercised his right to a trial, Judge Davison is correct that this equivocal position is insufficient to show a reasonable probability, as opposed to a mere possibility, that Petitioner would have fully exercised his right to trial by jury. *See Hill*, 474 U.S. at 59. Thus, the Court rejects Petitioner's objections.

## CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation in its entirety. The petition for a writ of habeas corpus is, therefore, DENIED. The Clerk of Court is directed to enter judgment accordingly and close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: April /6, 2014
White Plains, New York

SO ORDERED:

_____ 4/16/14
NELSON S. ROMÁN
United States District Judge

9